[Civ. No. 2622. First Appellate District, Division One.—December 27, 1918.]

## CHARLES E. COOPER, Appellant, v. A. M. ROSENSTIRN, Respondent.

BROKERS — CONTRACT TO SHARE COMMISSIONS — FINDING SUPPORTED BY EVIDENCE.—In this action upon a contract between real estate brokers, by which it was agreed that if the plaintiff should consummate a certain sale any commissions earned should be divided equally between plaintiff and defendant, the evidence was conflicting but was sufficient to support the finding by the trial court that the plaintiff did not consummate the sale.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George E. Crothers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stoney, Rouleau, Stoney & Armstrong for Appellant.

Rothchild, Golden & Rothchild for Respondent.

BEASLY, J., *pro tem.*—This case arose out of a controversy between two real estate brokers as to whether or not the commission received by the defendant upon the sale of certain property in San Francisco should be divided between the plaintiff and the defendant.

On the fifteenth day of March, 1915, the plaintiff and the defendant entered into a written contract whereby it was

agreed that if Cooper, the plaintiff, should consummate a sale of certain real property in San Francisco to Livingston Brothers, any commissions earned should be divided equally between the plaintiff and the defendant.

The court found that Cooper did not consummate the sale, and the only question is whether or not this finding is supported by the evidence. The evidence showed that Cooper worked long and hard upon Livingston Brothers in an effort to sell the property, but, on the other hand, Livingston testified that after authorizing Cooper to offer one hundred and ninety thousand dollars to the owners for the property he advised the latter that he was no longer interested and to call the matter off. This conversation took place somewhere about June 8, 1915. The owners of the property were at that time demanding a price of two hundred and ten thousand dollars for the property. It also appeared that at about the same time that Livingston Brothers called the matter off, Rosenstirn received a telegram from Starr, the owner of the property, in which the latter canceled negotiations.

Cooper never was able to get a higher offer than one hundred and ninety thousand dollars from Livingston and never was able to get a deposit from him, although Rosenstirn testified that he constantly demanded that Cooper make an effort to do this.

The property was subsequently sold on the second day of July, 1915, through Abrahamson, another broker, to Livingston Brothers, for two hundred and four thousand dollars. Abrahamson's testimony is to the effect that Rosenstirn did not know for whom he was dealing until a deposit was secured and he was ready to sign a contract.

The court was justified in believing from the evidence that two brokers, Cooper and Abrahamson, were endeavoring to sell the property to Livingston Brothers. Abrahamson finally got Livingston Brothers to agree to pay a price which the owners of the property were willing to accept, secured a deposit, and consummated the contract. The testimony is thus seen to be conflicting and to support the above-recited finding.

The judgment is affirmed.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.